sense of security). Rather, the majority concludes that because everyone knows that police services may not be denied because of race, the officers were on notice.

But in *Saucier*, the Court held that despite clearly established law that the use of excessive force was unconstitutional, this was not sufficient to place the defendant officer on notice that his shoving a person into the van constituted excessive force. Indeed, the Supreme Court concluded that despite the clearly established law on the use of excessive force, under the specific circumstances in that case, the defendant was entitled to qualified immunity.[7]

Furthermore, we have held that the plaintiff has the burden of establishing the second prong of *Saucier*. *Kennedy*, 439 F.3d at 1065. Thus, the failure of any of the cases cited by Elliot, or by the majority, to address a similar factual situation— i.e., that an officer may deny one person equal protection of law by failing to investigate a third person—supports the district court's grant of qualified immunity. Of course, as indicated by our determination that defendants did violate Elliot's right to equal protection of law, a particularly prescient officer might have foreseen that his inaction would violate Elliot's right. But this is not the standard established by the Supreme Court in *Saucier* and reaffirmed in *Pearson*. Neither Elliot nor the majority cites any authority that fairly placed the officers on notice that cases denying qualified immunity for the denial of "protective services" allegedly on racial grounds would apply to all police services, including a determination of whether to investigate a third person. Accordingly, I would affirm the district court's finding of qualified immunity.

XILINX, INC., and Consolidated Subsidiaries, Petitioner– Appellee,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellant.

Xilinx, Inc., and Consolidated Subsidiaries, Petitioner– Appellee,

v.

Commissioner of Internal Revenue, Respondent–Appellant.

Nos. 06–74246, 06–74269.

United States Court of Appeals, Ninth Circuit.

Jan. 13, 2010.

Tyler Alexander Baker, Esquire, Kenneth B. Clark, Esquire, Ronald B. Schrotenboer, Fenwick & West LLP, Mountain View, CA, Edward C. Dumont, Seth P. Waxman, Wilmerhale LLP, Washington, DC, for Petitioner–Appellee.

John M. Breen, Esquire, Internal Revenue Service, Richard Farber, Esquire, Mi-

---

7. The Court commented that "[a] reasonable officer in petitioner's position could have believed that hurrying respondent away from the scene, where the Vice President was speaking and respondent had just approached the fence designed to separate the public from the speakers, was within the bounds of appropriate police responses." *Saucier*, 533 U.S. at 208, 121 S.Ct. 2151.

chael J. Haungs, Richard T. Morrison, Esquire, Eileen J. O'Connor, Esquire, Gilbert Steven Rothenberg, Esquire DOJ–U.S. Department of Justice, Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, Donald L. Korb, Esquire, Acting Chief Counsel, Washington, DC, for Respondent–Appellant.

Before: STEPHEN REINHARDT, JOHN T. NOONAN, and RAYMOND C. FISHER, Circuit Judges.

## ORDER

The opinion and dissent filed on May 27, 2009 are hereby WITHDRAWN.

**Armen BAGHDASARYAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–72416.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 30, 2009.

Filed Jan. 13, 2010.